IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH CARL W., | ) |
| | ) No. 22 C 3686 |
| Plaintiff, | ) |
| | ) Magistrate Judge M. David Weisman |
| v. | ) |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Joseph Carl W. appeals the Acting Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court affirms the Acting Commissioner's decision.

### Background

On June 22, 2016, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 23-31, 97-121.) The Appeals Council declined review (R. 1-3), and plaintiff appealed to this Court, which remanded for further proceedings. (R. 1464-71.) The ALJ held another hearing and again denied plaintiff's claim. (R. 1359-74.) Once again, the Appeals Council declined review (R. 1348-52), making the ALJ's decision the final decision of the Acting Commissioner, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since June 22, 2016. (R. 1362.) At step two, the ALJ found that plaintiff has the severe impairments of autism spectrum disorder, generalized anxiety disorder, major depressive disorder, attention deficit hyperactivity disorder, and social pragmatics disorder. (*Id.*) At step

three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. (*Id.*) At step four, the ALJ found that plaintiff has no past relevant work but has the RFC to perform work at all exertional levels with certain non-exertional exceptions. (R. 1364-73.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus he is not disabled. (R. 1373-74.)

Plaintiff contends that the RFC does not account for all of his limitations. In relevant part, the RFC provides:

> The claimant can do simple, unskilled work tasks that do not exceed a reasoning level of 2, as defined in the Dictionary of Occupational Titles. That is, the claimant is able to apply commonsense understanding to carry out detailed, but uninvolved written or oral instructions. He can deal with problems involving a few concrete variables on or from standardized situations. Further, the claimant can work in a low stress job, which I define as occasional decision-making required. He can work in a job with no hourly quotas. He can occasionally interact with coworkers, but should not work on joint tasks with coworkers. He cannot interact with members of the general public.

(R. 1364.) Plaintiff contends that limiting him to simple, unskilled work in a low-stress job without hourly quotas does not accommodate his moderate limitation in concentration, persistence, and pace.

The Seventh Circuit rejected a similar argument in *Pavlicek v. Saul*, 994 F.3d 777 (7th Cir. 2021):

> A "moderate limitation" is defined by regulation to mean that functioning in that area is "fair." 20 C.F.R. Pt. 404, Subpt. P, App. 1. As the Commissioner points out, "fair" in ordinary usage does not mean "bad" or "inadequate." So a "moderate" limitation in performing at a consistent pace seems consistent with the ability to perform simple, repetitive tasks at a consistent pace. Further, that assessment is consistent with both Dr. Jusino-Berrios's and Dr. Harris's findings that Pavlicek could carry out simple instructions and make simple decisions with no significant limitation.

3

*Id.* at 783. Moreover, as in *Pavlicek*, the RFC here is consistent with the agency reviewers' findings. (*See, e.g.,* R. 105 ("Clmt is mentally capable of understanding, remembering and carrying out simple 1-2 step tasks in a low pressure/low stress work environment that has minimal demands for interaction with others."); R. 119 ("Clmt is mentally capable of understanding, remembering and carrying out simple 3-4 step tasks in a low pressure/low stress work environment that has minimal demands for interaction with others."); R. 1461 ("[T]he claimant is limited to simple routine tasks involving no more than simple, short instructions and simple work-related decisions with few workplace changes.").)

Plaintiff faults the ALJ for failing to consider evidence from his high school and college teachers and his psychologist-sister about his impaired concentration. The record shows that the ALJ did consider this evidence (R. 1366, 1369-70, 1372), but drew from it conclusions that plaintiff does not like. The Court cannot, however, "reweigh the evidence or substitute [its] own judgment for that of the ALJ." *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014).

Plaintiff also contends that the RFC limitation to jobs without hourly quotas is insufficient to address his issues with pace. But he does not point to evidence that suggests work with a different quota is necessary to accommodate his problems with pace. Moreover, though the agency consultants' RFCs did not contain a quota limitation (R. 105, 119, 1461), it is not error for the ALJ to adopt an RFC that is more favorable to plaintiff than the ones endorsed by the consultants. *See Percianoff v. Colvin*, No. 2:14-CV-393-JVB-JEM, 2016 WL 286417, at *2 (N.D. Ind. Jan. 25, 2016) ("This Court is no position to overturn the ALJ's finding merely because the ALJ came to a more favorable conclusion than the psychiatric opinions would have supported.").

Plaintiff further argues that the RFC is flawed because it does not limit his interaction with supervisors. But, in his function report, plaintiff said he did not have problems dealing with authority figures. (R. 259.) Moreover, two of the agency consultants said that plaintiff was not significantly limited in his ability to accept instructions and respond appropriately to criticism from supervisors. (R. 105, 118.) The third consultant said plaintiff was moderately limited in that area, but she did not include any limitations on plaintiff's interaction with supervisors in her RFC. (*See* R. 1460-61.) Thus, the RFC with respect to plaintiff's interaction with supervisors is supported by substantial evidence.

## Conclusion

For the reasons set forth above, the Court affirms the Acting Commissioner's decision, denies plaintiff's motion for summary judgment [14], and terminates this case.

**SO ORDERED.**                              **ENTERED:  March 20, 2023**

*M. David Weisman*
_____
**M. David Weisman**
**United States Magistrate Judge**